UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN ALEXANDER, | Civil Action No. 23-1514 (GC) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| DARRIN RUSSO, et al., | |
| Defendants. | |

This matter comes before the Court upon Plaintiff Kevin Alexander's motion for a temporary restraining order ("TRO motion"), filed on May 11, 2023, in connection with his amended pro se prisoner civil rights complaint. (ECF Nos. 3, 11.) By Order dated May 1, 2023, this Court granted Plaintiff's IFP application. (ECF No. 7.) The Amended Complaint (ECF No. 3) remains subject to screening for dismissal "at any time" pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is a pretrial detainee at Somerset County Jail. The Court liberally construes Plaintiff's TRO motion, his Amended Complaint, and exhibits to allege that Edward Reese, the librarian at Somerset County Jail, has interfered with Plaintiff's right of access to the courts previously in 2020 and more recently over the period of November 2022 to March 2023 by failing to provide Plaintiff with legal copies, caselaw, forms, and assistance that Plaintiff requires for ongoing court proceedings, including his state court criminal case.[1] The Court further construes Plaintiff to allege that Warden Tim Pino and Deputy Warden Kym Williams knew or should have known about the denial of access and have failed to remedy it.

---

[1] Plaintiff attempts to bring his claims on behalf of himself and others who are similarly situated. The Court notes that Plaintiff is proceeding pro se and therefore cannot represent a putative class. *Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) ("Lewis, who is proceeding pro se, may not represent a putative class of prisoners.").

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. See Fed. R. Civ. P. 65. Courts apply a four-factor test when considering whether to grant preliminary relief. *See Hope v. Warden York Cty. Prison*, 972 F.3d 310, 319-20 (3d Cir. 2020). Specifically, a movant must demonstrate:

> (1) that they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiffs and (4) whether granting relief would serve the public interest.

*Id.* at 319–20 (citing *K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013)).

Under Rule 65(b), however, a court may issue a TRO without notice to the adverse party only if the moving party provides "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required." Fed. R. Civ. P. 65(b). Granting a TRO without notice is the rare exception not the rule. "As the Supreme Court has observed, 'our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute.'" *Hope*, 972 F.3d at 320 (quoting *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020)).

Here, Plaintiff fails to certify in writing what efforts, if any, have been made to give notice of the motion to Defendants. Having reviewed Plaintiff's filings, the Court also finds that Plaintiff fails to make the specific factual showing required to establish immediate and irreparable injury, loss, or damage. Plaintiff's claims relate to alleged conduct by Defendants that began in 2020, happened "countless" times and were "precipitated once again" upon Plaintiff's return to Somerset County Jail. (ECF No. 11 at 2.) The Court therefore denies Plaintiff's request for a TRO without notice and will consider Plaintiff's request for preliminary injunctive relief after the relevant parties receive adequate notice of the litigation.

2

Solely for administrative purposes, this Court will administratively terminate Plaintiff's motion for temporary restraining order (ECF No. 11), and the motion will be reactivated by this Court upon Defendants' filing of a response to the Amended Complaint and the TRO motion.

In order to expedite the TRO motion, the Court will defer screening the Complaint under 28 U.S.C. § 1915(e)(2)(B) and direct the Clerk of the Court to file the Amended Complaint and send Plaintiff the forms for serving Defendants Edward Reese, Warden Tim Pino, and Deputy Warden Kym Williams.[2]  When Plaintiff completes the forms and returns them to the Court, the Court will direct the Marshals to serve the Amended Complaint, summons, and the TRO motion on Defendants Reese, Pino, and Williams.

**IT IS,** therefore, on this **12th day of May 2023**,

**ORDERED** that Plaintiff's motion for a temporary restraining order without notice under Fed. R. Civ. P. 65(b) is **DENIED** (ECF No. 11) for the reasons stated herein; and it is further

**ORDERED** that the Court will consider Plaintiff's request for preliminary injunctive relief after the relevant parties receive adequate notice of the litigation; and it is further

**ORDERED** that the Clerk shall administratively terminate Plaintiff's motion for temporary restraining order (ECF No. 11) subject to reopening upon Order of this Court; and it is further

**ORDERED** that the Amended Complaint (ECF No. 3) shall be filed; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with copies of the USM-285 form for Defendants Edward Reese, Warden Tim Pino, and Deputy Warden Kym Williams; and it is further

**ORDERED** that Plaintiff shall complete the forms for these Defendants <u>only</u> and return them to the Clerk of the Court; and it is further

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Amended Complaint

---

[2] The Amended Complaint includes additional claims and Defendants, and the Court will screen these claims and Defendants in due course.

(ECF No. 3), summons, the TRO motion (ECF No. 11), and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED that within the time specified by Rule 12, Defendants shall file and serve a responsive pleading <u>and a response to the TRO motion</u>; and it is further**

**ORDERED that Plaintiff may file a reply brief within 30 days of his receipt of Defendants' response to his TRO motion; and it is further**

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular U.S. mail.

_____
Georgette Castner
United States District Judge