**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN ALEXANDER,<br><br>　　　　　Plaintiff,<br>v.<br><br>DARRIN RUSSO, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 23-01514 (GC) (DEA)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

　　Plaintiff, Kevin Alexander ("Plaintiff" or "Alexander") is currently a pretrial detainee at the Somerset County Jail in Somerville, New Jersey. He is proceeding *pro se* with an Amended Complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 3.) As explained in a previous Memorandum by the Court, Plaintiff asserts that the librarian of the Somerset County Jail has interfered with Plaintiff's access to the courts. (*See* ECF 13 at 1.) More specifically, the Court noted that Plaintiff claims that the librarian has failed to provide him with legal copies, caselaw, forms and assistance with his ongoing legal proceedings. (*See id.*)

　　Defendants have filed a Motion to Dismiss the Amended Complaint. (*See* ECF 20.) Plaintiff filed a response in opposition to the Motion to Dismiss (*see* ECF 22), and Defendants have filed a reply brief in support of their Motion to Dismiss. (*See* ECF 24 & 25.) The Motion to Dismiss remains pending before the Court and will be decided in due course.

　　Subsequently, Plaintiff has filed a Motion for an Order to Chow cause and for a Temporary Restraining Order ("TRO"). (*See* ECF 29.) In that Motion, Plaintiff raises issues related to a "thumb drive" that was turned over to him by the Somerset County Prosecutor's Office. He

requests that the Court become "more involved." (*See* ECF 29 at 5.) Plaintiff attaches documents to his TRO motion whereby they indicate that Plaintiff's thumb drive will be secured by the law librarian and that Plaintiff may make requests to review the electronic discovery. (*See* ECF 29 at 13.) He seeks a TRO preventing them from opening and inspecting his digital discovery. (*See* ECF 29 at 9-10.)

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'— that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other" remedy that may be awarded as recompense "for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415, (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205–06 (citing *Christopher*, 536 U.S. at 416–17) (footnote omitted).

To secure the extraordinary relief of a TRO, a plaintiff must demonstrate that "'(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest.'" *Barber v. Sharp*, No. 10–5286, 2011 WL 2223651, at *15 (D.N.J. June 2, 2011) (citing *Maldonaldo v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) (as to preliminary injunction); *Ballas v. Tedesco*, 41 F.Supp.2d 531, 537 (D.N.J. 1999) (as to TRO)). Preliminary injunctive relief grants "intermediate relief of the same character as that which may be granted finally." *De Beers v. Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). A plaintiff "must establish that all four

factors favor preliminary relief." *Barber*, 2011 WL 2223651, at * 15 (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187 (3d Cir. 1990)).

Plaintiff's Motion for a TRO shall file the normal motion practice schedule such that Defendants shall be permitted to respond to the TRO Motion on the normal motion response schedule. Indeed, Plaintiff's documents attached to his TRO motion indicate that he can review his "thumb drive." As indicated above, the underlying claims in this case relate to Plaintiff's access to the courts. Thus, at least on its face, this Court fails to see how Plaintiff's access to courts have been impacted since the records appear to indicate he has access to the digital discovery. Therefore, at this stage, it remains unclear whether Plaintiff has illustrated that preliminary injunctive relief is proper with respect to a likelihood of success on the merits. However, out of the abundance of caution, rather than necessarily dismiss Plaintiff's Motion for a TRO, Defendants shall be ordered to file a response, albeit on a non-expedited TRO motion basis.

Accordingly, **IT IS** on this 21st day of November, 2023,

**ORDERED** that Defendants shall file a response to Plaintiff's Motion for a TRO under the normal motion schedule, specifically on or before December 4, 2023; it is further

**ORDERED** that Plaintiff may file a reply brief in support of his Motion for a TRO on or before December 11, 2023; and it is further

**ORDERED** that the Clerk shall serve this Memorandum and Order on Plaintiff by regular U.S. mail.

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**