**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN ALEXANDER, | Civil Action No. 23-1514 (GC-DEA) |
| Plaintiff, | |
| v. | OPINION |
| DARRIN RUSSO, | |
| Defendants. | |

**CASTNER, District Judge**

This matter comes before the Court on Plaintiff Kevin Alexander's filing of a Second Amended Complaint ("SAC") (ECF No. 9-1) and two motions seeking preliminary injunctive relief. (ECF Nos. 11, 29). Defendants Somerset County, Darrin Russo, Tim Pino, Kym Williams, Edward Reese, Kelly Mager, and Sheriff Backer (First Name Unknown) have also filed a motion to dismiss Plaintiff's Amended Complaint and responded to Plaintiff's motions for preliminary injunctive relief. (ECF Nos. 20, 31.)

At this time, the Court directs the Clerk of the Court to file Plaintiff's SAC. For the reasons explained below, the Court denies without prejudice Plaintiff's motions for preliminary injunctive relief in light of his recent transfer from Somerset County Jail to Adult Corrections in Middlesex County, New Jersey. The Court denies without prejudice Defendants' motion to dismiss the Amended Complaint because the SAC is now the operative complaint. The Court screens Plaintiff's SAC pursuant to its screening authority under § 1915(e)(2)(B) and dismisses it in its entirety for failure to state a claim for relief. Plaintiff may submit a third amended complaint

within 45 days to the extent he can cure the deficiencies in his federal claims, but he must put all claims and supporting facts in a single all-inclusive third amended complaint.

## I.   PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

### a. Procedural History

On or about March 14, 2023, Plaintiff submitted a complaint and applied to proceed *in forma pauperis* ("IFP application"). Plaintiff also sought additional time to submit an amended complaint and a motion for a temporary restraining order. (*See* ECF No. 1.) On or about March 30, 3023, Plaintiff submitted an Amended Complaint, which the Clerk of the Court docketed on April 5, 2023. (ECF No. 3.) Plaintiff also sent piecemeal submissions to the Court, in which he attempted, albeit improperly, to supplement his Amended Complaint. (ECF Nos. 5-6, 8.)

On May 1, 2023, the Court granted Plaintiff's IFP application and directed the Clerk's Office to file the Amended Complaint. (ECF No. 3.) The Court liberally construed Plaintiff's additional submissions as a request to amend and provided him leave to submit an all-inclusive amended complaint. (ECF No. 7.)

On May 10, 2023, Plaintiff submitted a SAC (ECF No. 9-1), a motion for pro bono counsel[1] (ECF No. 10), a motion for a preliminary injunction ("First PI Motion") (ECF No. 11), and a Memorandum in support of his First PI Motion. (ECF No. 12.) The Clerk of the Court mistakenly docketed Plaintiff's SAC as an exhibit to his other filings. (*See* ECF No. 9, 9-1).

On May 12, 2023, the Court administratively terminated Plaintiff's First PI Motion and elected to treat it as a motion for a preliminary injunction after the Defendants had an opportunity to respond. (*See* ECF No. 13.) The Court also deferred screening the matter, directed Plaintiff to

---

[1] The Magistrate Judge denied without prejudice the motion for pro bono counsel on July 5, 2023. (ECF No. 21.)

complete the U.S.M. forms for Defendants Edward Reese, Warden Tim Pino, and Deputy Warden Kym William, and directed Reese, Pino, and Williams to respond to the Amended Complaint and the First PI Motion.[2] (*Id.*)

On June 27, 2023, Defendants Somerset County, Russo, Pino, Williams, Reese, Kelly Mager, and Sheriff Backer filed a motion to dismiss Plaintiff's Amended Complaint.[3] (ECF No. 20.) On July 10, 2023, Plaintiff filed his opposition brief, and Defendants filed a reply brief on July 27, 2023. (ECF Nos. 22, 24; *see also* ECF No. 25.)

Plaintiff continued to submit piecemeal filings. On October 5, 2023, Plaintiff filed a "Declaration in Support" of his requests for injunctive relief, and on November 13, 2023, Plaintiff filed a second motion for a preliminary injunction ("Second PI Motion"). ECF Nos. 27, 29.) On November 21, 2023, the Court directed Defendants to respond to Plaintiff's Second PI Motion. (ECF No. 30.) The Defendants filed their response on December 4, 2023, and Plaintiff filed a reply brief on December 29, 2023.[4] (ECF No. 33.)

Finally, on or about December 29, 2023, Plaintiff submitted a notice of change of address. (ECF No. 34.) According to this notice, Plaintiff is no longer incarcerated at Somerset County Jail and is currently at Adult Corrections in Middlesex County, New Jersey. (*Id.*)

---

[2] Because the SAC was docketed incorrectly, the Court directed Defendants to answer the Amended Complaint.

[3] In their moving brief, Defendants do not provide citations to the relevant complaint, but the Court assumes they are seeking dismissal of Plaintiff's amended complaint as directed in the Court's Order.

[4] Plaintiff's reply brief also includes numerous exhibits in support his claims for relief. It is well established, however, that a plaintiff cannot amend his complaint through his brief. *See Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotation and citation omitted); *see also Mills v. Ethicon, Inc.*, 406 F. Supp.3d 363, 387 (D.N.J. 2019) (same).

### b. The Second Amended Complaint

Plaintiff submitted his SAC (ECF No. 9-1) with leave of Court, and it is now the operative pleading and replaces his prior complaints. Plaintiff's SAC asserts violations of his civil rights arising from his incarceration at Somerset County Jail. The SAC names Sheriff Darrin Russo, Warden Tim Pino, Deputy Warden Kym Williams, Law Librarian Edward Reese, County Commissioner Kelly Mager, and "all of Somerset County" as Defendants.

Up until his recent transfer, Plaintiff was incarcerated at Somerset County Jail as a pretrial detainee. He lists the date of his incarceration as August 14, 2020. (ECF No. 11, First PI Motion at 1.) In the SAC, Plaintiff alleges that the Somerset County Jail law librarian Edward Reese is a retired police officer and is not trained as a librarian or paralegal. (SAC at 6.) When Plaintiff asked Reese to make copies of his legal filings, Reese would hold Plaintiff's legal documents overnight. (*Id.*) After Plaintiff "wrote this matter up," Reese started giving Plaintiff's copies to corrections officers to return to him. (*Id.*) Although Plaintiff is indigent and unable to pay for copies, Reese refuses to provide Plaintiff with more than two copies of his legal filings, which allegedly interferes with Plaintiff's access to the courts.[5] (SAC at 7.) Plaintiff filed grievances about these issues to the Warden, and received responses from Deputy Warden Williams, who upheld Reese's decision to provide Plaintiff with only two copies of his filings. (*Id.*)

---

[5] The Court gleans from Plaintiff's other filings that Plaintiff is preparing a defense against pending criminal charges (*See* ECF No. 5, 5-1; 8, 8-1.) On or about April 12, 2023, Plaintiff submitted a pro se motion to dismiss his criminal indictment to the Superior Court of New Jersey, Somerset County and noted in his cover letter that he could only submit two copies of the motion because jail officials denied him additional copies. (ECF No. 5-1 at 1-2.) On or about May 3, 2023, Plaintiff filed a motion to proceed pro se and to remove his counsel in his criminal case. (*See* ECF No. 8-1 at 1.)

In addition, Reese keeps "countless law books locked away" in his office and frequently gives Plaintiff the "wrong forms." (*Id.* at 7.) Reese also refused to provide Plaintiff with "caselaw copies" and told Plaintiff to "hand write" the caselaw instead. (SAC at 10.) Reese also provides him with copies with information cut off. (*Id.*) Plaintiff also alleges that the law library has "old[,] outdated law books" and only two "LexisNexis machines." (*See id.* at 7.)

Plaintiff also briefly alleges in the SAC that Russo, Pino, and Williams failed to train mailroom staff and that Mager is aware that his legal mail has been opened outside his presence. (SAC at 5-7.)

Plaintiff further contends that his legal books and a pen were confiscated as contraband, and he was not provided a confiscation form. (*Id.* at 5.) When Plaintiff complained to Warden Pino, he simply acknowledged that the items were contraband and did not give Plaintiff the proper time to appeal. (*Id.*) Plaintiff appears to allege that Pino, Williams, and Mager have failed to train officers regarding confiscation of items. (*Id.* at 5-6, 10.)

Plaintiff also alleges that he "voiced his concerns" to Russo, Pino, and Williams about nutritionally-deficient and cold food, lack of religious services and educational opportunities, and insufficient visiting hours at Somerset County Jail, and that he grieved these issues to Pino and Russo. (SAC at 2, 10.) He also informed Mager about these issues and informed her about the inadequate grievance procedures at Somerset County Jail. (*Id.*)

In his SAC, Plaintiff asks the Court to appoint a special master pursuant to F.R.C.P. 53(b). He also seeks a preliminary injunction to obtain the necessary number of copies without the interference of Defendants. (*See id.* at 10.)

**c.  The Motions for Preliminary Injunctive Relief**

In Plaintiff's First PI Motion, Plaintiff contends that the law librarian has denied him access to the court, interfered with his attorney-client privilege, and denied him equal protection of the law.  Plaintiff further alleges that Russo, Pino, Williams, and Mager know about the violations and have failed to remedy them.  (First PI Motion at 2-4.)  Plaintiff seeks appointment of a special master to investigate the conditions at Somerset County Jail.  (*Id.* at 6-7.)

In a Declaration dated October 3, 2023, Plaintiff also provides additional facts that occurred after he submitted his SAC.[6]  Plaintiff alleges that on July 4, 2023, the entire 2-C Pod was searched and many of Plaintiff's law books and papers were removed by Sheriff Officer Backer at the direction of Lt. Lai, who is in charge of the Special Investigations Division.[7]  (*Id.* at 2.)  Plaintiff was not provided with a contraband form pursuant to New Jersey administrative regulations.  (*Id.*)  In his Declaration, Plaintiff also explains that Reese has retired as law librarian and has been replaced by Somerset County Sheriff Captain Keith Covert.  (*Id.* at 2; ECF No. 29 at 4.)  Plaintiff contends that Covert, like Reese, is not a trained law librarian and has a conflict of interest because he works for the Somerset County Sheriff's Office.  (*Id.* at 2.)  Plaintiff appears to seek injunctive relief requiring prison officials at Somerset County Jail to hire a qualified law librarian and stop violating inmates' Fourth Amendment rights.  (ECF No. 27 at 2-3.)

On or about November 7, 2023, Plaintiff submitted a Second PI Motion, in which he complains about the procedures for providing him with electronic discovery.  (ECF No. 29.)  Plaintiff explains that he received a thumb drive of electronic discovery from the Somerset County Prosecutor's Office, presumably in connection with his criminal case.  (*Id.* at 3-4.)  Although the

---

[6] These facts provide context for Plaintiff's Second PI motion.

[7] Lai and Backer are not named Defendants in the SAC.

law librarian is supposed to hold prisoner's legal mail, Plaintiff received the thumb drive from Lt. Lai. (*Id.*) Lt. Lai also told Plaintiff about the contents of the thumb drive. (*Id.*) Moreover, the receipt Lt. Lai provided Plaintiff in connection with the thumb drive is dated November 1, 2023, but the Somerset County Prosecutor's Office provided the electronic discovery on November 2, 2023. (*Id.*)

Plaintiff also contends that Lt. Lai, as the head of the Special Investigations Division, is turning over prisoner's cell phone records and personal property to the Somerset County Prosecutor's Office without obtaining a warrant. (*Id.* at 5.) Plaintiff also contends that his legal books and papers were removed from his cell "at the behest of Lt. Lai[.]" *Id.* Plaintiff further alleges that Georgetown Law School sent many books to Plaintiff that were opened outside his presence and that he has had "countless legal document(s) [sic] opened outside [his] presence." (*Id.*) Plaintiff alleges that Defendants make policies at Somerset County Jail and are allowing Lt. Lai to review Plaintiff's electronic discovery. (*Id.*)

In his Second PI Motion, Plaintiff asks for injunctive relief to stop Lt. Lai from 1) inspecting Plaintiff's electronic discovery, 2) searching his cell without notice, 3) taking his property without providing a receipt, and 4) providing his cell phone records and personal property to the Somerset County Prosecutor's Office. (*See* Second PI Motion at 10.)

## II.   DISCUSSION

### a.   The Motions for Preliminary Injunctive Relief

The Court begins with Plaintiff's motions for preliminary injunctive relief. "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that [he or she] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief

will not result in even greater harm to the nonmoving party; and (4) that the public interest favors

such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

"If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). Here, Plaintiff asks for injunctive relief to force officials at Somerset County Jail to provide him with the copies, caselaw, and legal books he needs to litigate his criminal case and to stop Somerset County Jail staff from inspecting his electronic discovery, opening his legal mail, improperly searching his cell, and providing his personal information to the Somerset County Prosecutor's Office. He also asks the Court to appoint a special master. Plaintiff, however, is no longer in the Defendants' custody at Somerset County Jail, and the Court is not able to provide this relief. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." (citing *Abdul–Akbar v. Watson*, 4 F.3d 195, 197 (3d Cir. 1993)). Even if Plaintiff's claims are not moot, his transfer means that he is unable to show irreparable harm in the absence of immediate injunctive relief. *See Miller v. Hartwell*, 834 F. App'x. 692, 694 (3d Cir. 2020) (explaining that a plaintiff can demonstrate neither likelihood of success on the merits of his claim for prospective injunctive relief nor irreparable injury from the denial of preliminary injunctive relief following his transfer to a new facility). For these reasons, the Court denies without prejudice Plaintiff's motions for preliminary injunctive relief. (ECF Nos. 20, 31.)

### b. Defendants' Motion to Dismiss is Directed at a Superseded Complaint

The Court next addresses the effect of Plaintiff's SAC on his prior pleadings and on Defendants' motion to dismiss. "In general, an amended pleading supersedes the original pleading

and renders the original pleading a nullity" and "the most recently filed amended complaint becomes the operative pleading." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). Furthermore, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (per curiam); *see also Kreis v. Northampton Cnty. Prison*, 564 F. Supp.3d 359, 361 (E.D. Pa. 2021).

Defendants have moved to dismiss Plaintiff's Amended Complaint (ECF No. 3), and argue that Plaintiff fails to state a claim for access to the Courts as a matter of law. Because Plaintiff's SAC is now the operative complaint in this matter, the Court denies without prejudice the motion to dismiss. This case, however, is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which the Court initially deferred. The Court now screens the SAC for dismissal.

### c. Screening the SAC under 28 U.S.C. § 1915(e)(2)(B)

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court

accepts the facts alleged in the pro se complaint as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Plaintiff is proceeding pro se, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

The Court begins with standing. In his SAC and other filings, Plaintiff appears to seek relief on behalf of other prisoners, and indigent prisoners in particular.[8] Plaintiff, however, lacks standing to assert claims on behalf of other prisoners. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). The Court dismisses any claims Plaintiff brings on behalf of other inmates for lack of standing.

Plaintiff also alleges violations of his own civil rights under 42 U.S.C. § 1983.[9] "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or the laws of the United States committed by a person acting under the color of state law." *Natale v. Camden Cnty. Correctional Facility*, 318 F.3d 575, 580–81 (3d Cir. 2003) (citations omitted). The Court considers each of Plaintiff's § 1983 claims below.

### 1. Access to the Courts Claims

The Court first addresses Plaintiff's access to the courts claims. Prisoners maintain a "fundamental constitutional right of access to the courts," embodied in the First and Fourteenth

---

[8] Plaintiff also styles the caption of his SAC as though he is bringing a class action. A pro se prisoner, however, cannot represent a putative class. *Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) ("Lewis, who is proceeding pro se, may not represent a putative class of prisoners.").

[9] The Court does not construe Plaintiff to allege any state law claims.

Amendments. *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). The Third Circuit has held that pretrial detainees have a right of access to the courts with respect to legal assistance and participation in preparing a defense against pending criminal charges. *See, e.g., Prater v. City of Phila.*, 542 F. App'x. 135, 136-37 (3d Cir. 2013); *see also May v. Sheahan*, 226 F.3d 876, 883-84 (7th Cir. 2000). A pretrial detainee may also raise claims alleging interference with his Sixth Amendment rights. *See Prater*, 542 F. App'x. at 137. In contrast, convicted prisoners may only proceed on access-to-courts claims in two situations: "challenges (direct or collateral) to their sentences and conditions of confinement." *Id.* (citing *Lewis*, 518 U.S. at 354-55). Because Alexander is a pretrial detainee, this restriction does not apply to him.[10]

There are two general types of access to the courts claims. Forward-looking claims involve official action that "frustrates a plaintiff ... in preparing and filing suits at the present time." *Christopher v. Harbury*, 536 U.S. 403] at 413, 122 S. Ct. at 2185 (2002). In a forward-looking claim, "[t]he opportunity has not been lost for all time, however, but only in the short term, and the object of this type of suit is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* at 413 (cleaned up). In backward-looking claims, the official acts "allegedly have caused the loss or inadequate settlement of a meritorious case" or the loss of a particular type of relief. *Id.* at 414.

In both types of cases, however, the plaintiff must identify a "nonfrivolous" or "arguable" underlying claim. *See id.* at 415. Indeed, "the underlying cause of action, whether anticipated or

---

[10] Notably, Moving Defendants argue in their motion to dismiss that Plaintiff may only bring an access to the courts claim if his underlying claim involves a direct or collateral challenge to his conviction or a challenge to his conditions of confinement. Defendants, however, rely on the standard for an access to the courts claim brought by convicted prisoners.

lost, is an element [of an access to the courts claim] that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* This is so because "a prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. at 350). That is, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). As explained by the Supreme Court, "because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351.

In his SAC, Plaintiff alleges that Reese has denied him sufficient copies of his filings and envelopes for mailing legal papers and has also denied him copies of caselaw and kept law books locked away. He also alleges that the law library has insufficient resources. Plaintiff alleges that the supervisory Defendants were on notice of some or all of these violations through Plaintiff's grievances but failed to correct them and that Defendant Williams upheld Reese's provision of only two copies of legal filings as a matter of policy.[11]

The Court gleans from Plaintiff's additional submissions that Plaintiff's underlying action may be his state court criminal case and that Plaintiff has filed motions to dismiss his indictment

---

[11] Unless otherwise stated, the Court construes Plaintiff to allege that Russo, Pino, Williams, and Mager are liable under § 1983 as supervisors. *See Santiago v. Warminster*, 629 F.3d 121, 129 n. 5 (3d Cir. 2010) (defining the two theories of supervisory liability under § 1983, knowledge and acquiescence and policy, practice, or custom) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)).

and to proceed pro se in that matter.  Plaintiff's SAC does not include these allegations, and Plaintiff may not amend his complaint by submitting addenda. *See Martin v. New Jersey*, No. 19-12979, 2021 WL 4776010, at *1 (D.N.J. Oct. 13, 2021); *see also Lewis v. Sessions*, No. 17-5475, 2017 WL 7313822, at *2 (D.N.J. Nov. 3, 2017) ("neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [a plaintiff] to submit numerous addenda to his Complaint in ... piecemeal fashion").  Moreover, even if the Court were to consider the additional filings, Plaintiff does not provide sufficient facts to suggest that his motion to dismiss the indictment and/or motion to proceed pro se in his criminal case have arguable merit.[12]  Nor has he alleged that the Defendants' actions in denying him sufficient copies, envelopes, and legal materials, or that other deficiencies in the law library have caused any actual injury in his underlying criminal proceedings.  For instance, he does not allege facts to suggest that his motions were rejected by the state court because he failed to provide enough copies or because he could not research the relevant issues.

For these reasons, Plaintiff's SAC fails to state an access to the courts claim against Reese or the supervisory defendants who allegedly acquiesced in Reese's misconduct or created deficient law library policies.  The Court dismisses without prejudice the access to the courts claims as to all individual Defendants and provides Plaintiff with leave to submit a third amended complaint with respect to his access to the courts claims.

### 2.  Equal Protection Claims

Plaintiff also alleges that denying him sufficient copies and envelopes because he is unable to pay for them denies him equal protection of the law as an indigent prisoner.  The Equal

---

[12] The Court notes that Plaintiff appears to contend that he could not submit sufficient copies to the Court in this litigation.  Plaintiff is also unable to show injury with respect to the instant litigation.

Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In reviewing an equal protection claim, a court must first determine "whether the alleged state action burdens a fundamental constitutional right or targets a suspect class." *State Troopers Non-Commissioned Officers Ass'n of New Jersey v. New Jersey*, 399 F. App'x 752, 754 (3d Cir. 2010). "If a 'classification neither burdens a fundamental right nor targets a suspect class, [the court] will uphold it so long as it bears a rational relation to some legitimate end.'" *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 213 (3d Cir. 2013) (quoting *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998)). However, "a classification [that] trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage ... must meet the strict scrutiny standard, under which a law must be narrowly tailored to further a compelling government interest." *Schumacher v. Nix*, 965 F.2d 1262, 1266 (3d Cir. 1992) (citation and internal quotation marks omitted).

Here, Plaintiff alleges that Defendants are discriminating against him because he is poor and that they have violated his right to equal protection by denying him sufficient copies of his legal filings and envelopes for mailing his legal filings. "Neither prisoners nor indigents are suspect classes[,]" *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001). Therefore, Defendants' policies are subject to rational basis review and fail to state a claim for relief unless Plaintiff alleges that these policies burden his fundamental rights. Plaintiff, however, fails to plead sufficient facts in his SAC to suggest that Defendants' policies of providing him with two copies of his legal filings and insufficient envelopes, without more, have interfered with his fundamental rights.

Access to the courts is a fundamental right for purposes of the equal protection analysis. *See, e.g.*, *Doyle v. Arete Financial Group LLC*, No. 21-19935, 2022 WL 17253587, at *2 (D.N.J. Nov. 28, 2022) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)).   The Sixth Amendment right to self-representation is also a fundamental right. *See id.* (noting that "[t]he Supreme Court has recognized that the right of a criminal defendant to proceed pro se is protected by the Sixth Amendment" but finding no such right for pro se plaintiffs in civil cases) (citing *Faretta v. California*, 422 U.S. 806, 819 (1975)); *see also Griffin v. Illinois*, 351 U.S. 12, 17 (1956) (explaining that "[i]n criminal trials a State can no more discriminate on account of poverty than on account of religion, race, or color" and holding that failure to provide indigent defendants with a transcript necessary for an appeal violated their rights to Due Process and Equal Protection of the law).

Although Plaintiff contends that Defendants have denied him access to the courts, which is a fundamental right, the Court has determined that Plaintiff's SAC fails to state an access to the courts claim.   In Plaintiff's piecemeal submissions to the Court, he also alludes to his attempts to represent himself in his criminal case, but the SAC does not provide sufficient facts showing that Defendants' policies have burdened that fundamental right.   Plaintiff may be able to cure the deficiencies in his equal protection claims through amendment.   The Court dismisses without prejudice the equal protection claims against all Defendants and provides Plaintiff with leave to submit an amended complaint.[13]

---

[13] The Court does not construe Plaintiff to allege an equal protection claim under a "class of one," theory, which requires him to allege "that [ ]he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Solan v. Zickefoose*, 530 F. App'x. 109, 111 (3d Cir. 2013) (citing *PG Publ'g Co. v. Aichele*, 705 F.3d 91, 114 (3d Cir. 2013) (internal quotation marks omitted).   Indeed, Plaintiff appears to allege all indigent inmates are unable to obtain sufficient copies and does not allege that he has been singled out for intentional discrimination.

### 3. Legal Mail Claims

In his SAC, Plaintiff also states in passing that Defendants Russo, Pino, and Williams failed to properly train mailroom personnel and also states that Mager was aware that his legal mail had been opened outside his presence. He provides no additional facts about these violations in the SAC. In his Second PI Motion, Plaintiff states that his legal mail from Georgetown Law School has been opened outside his presence.

Inmates have a First Amendment right to communicate with the outside world by sending and receiving mail. *Thornburg v. Abbott*, 490 U.S. 401, 407 (1989); *Turner v. Safely*, 482 U.S. 78, 85, (1987). That right, however, is not absolute. Rather, it is limited by concerns for institutional security and public safety. Prisons and jails may impinge upon an inmate's First Amendment right to send or receive mail so long as their policies are "reasonably related to legitimate penalogical interests." *Turner*, 482 U.S. at 89. The Third Circuit has held that a pattern or practice of opening a prisoner's legal mail outside of his presence can violate a prisoner's rights to free speech and legal access to the courts under the First Amendment. *See Fontroy v. Beard*, 559 F.3d 173, 174–75 (3d Cir. 2009). In order to state a legal mail claim against Russo, Pino, Williams and/or Mager, Plaintiff must include sufficient facts in his complaint showing that his mail was opened outside his presence on an ongoing basis and that Defendants were on notice of this issue but failed to correct it and/or failed to train staff. Because Plaintiff has not done so, his legal claims against Russo, Pino, Williams and Mager are dismissed without prejudice for failure to state a claim for relief. Plaintiff may submit a third amended complaint regarding his legal mail claims.

Plaintiff also alleges in his Second PI motion that Lt. Lai is improperly viewing his electronic discovery. Plaintiff's claims against Lt. Lai are not pleaded in his SAC and the Court

declines to construe them as supplements to his SAC. Plaintiff is free, however, to name Lt. Lai as a Defendant if he chooses to submit a third amended complaint.

### 4. Fourth Amendment Claims (Not Asserted in the SAC)

In his Second PI motion, Plaintiff also attempts to allege violations of his Fourth Amendment rights by Lt. Lai and Backer.[14] Plaintiff's SAC, however, does not allege Fourth Amendment violations by Lt. Lai or Backer or name them as Defendants.[15] As noted above, the Court declines to construe Plaintiff's Second PI Motion as a third amended complaint or consider Plaintiff's piecemeal submissions as supplements to his SAC. The Court will permit Plaintiff to submit a third amended complaint if he wishes to assert claims against Lt. Lai, Backer, and/or the supervisory Defendants in connection with improper searches of his cell or confiscation of his legal materials.

### 5. Deprivation of Property Claims

In his SAC, Plaintiff also alleges that prison officials confiscated his legal materials and pen without providing him a confiscation form, and that Defendants failed to train staff regarding confiscation of property. "'[A]n unauthorized intentional deprivation of property' by prison officials does not violate the Due Process Clause 'if a meaningful postdeprivation remedy for the

---

[14] Although the Third Circuit has not addressed this issue, the Second Circuit has held that a pre-trial detainee does retain Fourth Amendment protection against searches "at the instigation of non-prison officials for non-institutional security related reasons." *See United States v. Cohen*, 796 F.2d 20, 22-24 (2d Cir. 1986). In *Cohen*, the Second Circuit determined that the "Supreme Court in *Hudson* did not contemplate a cell search intended solely to bolster the prosecution's case against a pre-trial detainee awaiting his day in court[.]" *Id.* at 23; *see also Reid–Douglas v. Harding*, Civ. A. No.10-2049, 2014 WL 3507292, at *7-9 (M.D. Pa. July 14, 2014) (affirming validity of Fourth Amendment claim for cell search of pretrial detainee, but granting qualified immunity); *Santana v. Berks Cnty. Jail System*, 2020 WL 3574544, at *6 (E.D. Pa. Jul. 1, 2020) (allowing Fourth Amendment claim to proceed where the search of a pretrial detainee's "cell may have been undertaken for reasons unrelated to prison security or the safety of the inmates").

[15] Backer is named in the Amended Complaint in connection with the search of Plaintiff's cell, but he is not named or mentioned in the SAC.

17

loss is available.'" *Monroe v. Beard,* 536 F.3d 198, 210 (3d Cir.2008) (quoting *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)). "Pre-deprivation notice is not constitutionally required." *Id.* Plaintiff has not provided sufficient facts about whether there is still a post-deprivation remedy for the loss of his legal materials and pen even if prison officials failed to provide him with a confiscation form. As such, he fails to state a claim for relief, and this claim is dismissed without prejudice as to all individual Defendants.

### 6. Conclusory Claims Against the Individual Defendants

In his SAC, Plaintiff also alleges in passing that he notified the supervisory Defendants about cold and nutritionally-deficient food, insufficient visiting hours, and lack of educational and religious programming at Somerset County Jail. These allegations are far too conclusory to state any claims for relief under § 1983. *See Iqbal,* 556 U.S. at 678. These claims are dismissed against all individual Defendants for failure to state a claim for relief, and Plaintiff may submit a third amended complaint if he can provide more facts to support any of these claims.

### 7. Inadequate Grievance System or Response to Grievances

Plaintiff may be alleging that the individual Defendants have violated his civil rights by failing to have adequate grievance procedures or failing to respond to his grievances. These allegations fail to state a claim for relief because prisoners do not have a constitutionally protected right to prison grievance procedures. *Speight v. Sims,* 283 F. App'x 880 (3d Cir. 2008) (citing *Massey v. Helman,* 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). In addition, a prison official's inadequate response to grievances (or failure to respond to grievances altogether) does not state a claim for relief. *Washington v. Crum,* No. 19-14602022 WL 798372, at *11 (W.D. Pa. Mar. 16, 2022) (explaining that a plaintiff "cannot recover from the named defendants [under § 1983] for failing

to respond to his grievances"). The Court dismisses Plaintiff's claims against the individual Defendants regarding the inadequate grievance system and inadequate response to grievances because they fail to state a claim for relief.

### 8. *Monell* Claims

Finally, Plaintiff has sued "all of Somerset County" ("the County") and may be attempting to assert claims against the County pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In that decision, the Supreme Court recognized that while local government units can be liable under § 1983, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691. Thus, a local government cannot be held liable for "an injury inflicted solely by its employees or agents." *Id.* at 694. A § 1983 claim against a municipality may proceed in two ways. *See Estate of Roman v. City of Newark*, 914 F.3d 789, 798–99 (3d Cir. 2019). A plaintiff may allege that an unconstitutional policy or custom of the municipality led to his or her injuries, *id.* at 798 (citing *Monell*, 436 U.S. at 694), or that his injuries were caused by a failure or inadequacy by the municipality that "reflects a deliberate or conscious choice," *see id.* (internal quotation marks omitted) (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001)); *see also Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (explaining that the second type of *Monell* claim involves failures to train, supervise, or discipline).

To assert a *Monell* claim against the County of Somerset, Plaintiff must provide facts showing that the County had a relevant policy or custom and that policy or custom was the moving force behind the constitutional violation or violations. *See, e.g., Natale*, 318 F.3d at 583–84 (citing *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)). Plaintiff must identify a specific policy or custom of the County that caused the constitutional violation at issue and must typically allege a pattern of similar past conduct to show that the County was on

notice that the policy or custom caused the alleged violation. *See, e.g.*, *Schlaybach v. Berks Heim Nursing & Rehabilitation*, 839 F. App'x. 759, 760 (3d Cir. 2021). Alternatively, Plaintiff could state a *Monell* claim by alleging a failure to supervise, train, or discipline, and must provide facts showing that the failure amounts to deliberate indifference to his constitutional rights. *Forrest*, 930 F.3d at 106. Here, the Court has dismissed Plaintiff's § 1983 claims against the individual Defendants based on their policies and failures to train, and Plaintiff has not otherwise alleged that the County's policies, customs, or failures to train resulted in any violations of his constitutional rights. As such, the Court dismisses without prejudice the § 1983 claims against the County of Somerset for failure to state a claim for relief. Plaintiff may submit a third amended complaint if he is able to cure the deficiencies in his *Monell* claims.

## III.   **CONCLUSION**

In conclusion, the Court directs the Clerk of the Court to file Plaintiff's SAC. The Court denies without prejudice Plaintiff's motions for preliminary injunctive relief in light of his recent transfer from Somerset County Jail to Adult Corrections in Middlesex County, New Jersey. The Court dismisses Defendants' motion to dismiss the Amended Complaint as moot because Plaintiff's SAC is now the operative pleading. The Court dismisses without prejudice Plaintiff's SAC in its entirety for failure to state a claim for relief pursuant to the Court's screening authority

under § 1915(e)(2)(B).  Plaintiff may submit a third amended complaint within 45 days to the extent he can cure the deficiencies in his federal claims for relief.

Plaintiff may not assert claims on behalf of other inmates, and he must put all his claims and supporting facts in a single all-inclusive complaint.  An appropriate Order follows.

_____
GEORGETTE CASTNER
United States District Judge